IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHAN S. CASEY, JR., # 097085, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv114-WHA |
| | ) | [WO] |
| LEON FORNISS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) filed by Alabama inmate Nathan S. Casey, Jr. on February 16, 2016. Casey, who was convicted in the Montgomery County Circuit Court of first-degree robbery in 1982, contends that the trial judge who presided over his 2002 resentencing acted vindictively when sentencing him to life in prison and should have recused himself from the resentencing proceedings. Doc. 1-1 at 1–10. The respondents argue that Casey's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. Doc. 8 at 7–11. The court agrees with the respondents and finds that Casey's petition should be denied without an evidentiary hearing.

### II.  DISCUSSION

**A.    AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within one year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A).

**B. Casey's State-Court Proceedings**

In December 1982, a Montgomery County jury found Casey guilty of first-degree robbery. *See* Doc. 8-4 at 1. In January 1983, the trial court sentenced Casey under Alabama's Habitual Felony Offender Act to life imprisonment without the possibility of

parole. Doc. 8-4 at 1. Casey's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals on direct appeal in August 1984. Doc. 8-1; *Casey v. State*, 456 So.2d 1161 (Ala. Crim. App. 1984).

In January 1990, Casey challenged his conviction and sentence in a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. This Rule 32 petition was denied by the trial court in April 1990, and the Alabama Court of Criminal Appeals affirmed on appeal in October 1990. Doc. 8-2. Casey filed a second Rule 32 petition in January 1996. Doc. 8-1. That Rule 32 petition was denied by the trial court in May 1996, and the Alabama Court of Criminal Appeals dismissed Casey's later appeal in September 1996. Doc. 8-3.

In April 1999, Casey filed a third Rule 32 petition. This Rule 32 petition was denied by the trial court in May 1999, and the Alabama Court of Criminal Appeals affirmed on appeal in March 2001. Doc. 8-4; *Casey v. State*, 852 So. 2d 168 (Ala. Crim. App. 2001). The Alabama Supreme Court, however, reversed this decision in February 2002, holding that Casey's sentence was illegal because six prior convictions for which he had received a full pardon were improperly used to enhance his sentence under Alabama's Habitual Felony Offender Act. Doc. 8-5; *Ex parte Casey,* 852 So. 2d 175 (Ala. 2002).

On October 16, 2002, after remand by the Alabama Court of Criminal Appeals, the trial court resentenced Casey to life imprisonment with the possibility of parole. *See* Doc. 10-1 at 1. On January 7, 2003, on return to remand, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Doc. 10-2. Casey did not further appeal the judgment.

On December 29, 2012, Casey filed a fourth Rule 32 petition, this one challenging the life sentence imposed at his October 2002 resentencing. Doc. 8-8 at 11–19. The trial court denied the Rule 32 petition and Casey appealed. The Alabama Court of Criminal Appeals affirmed on March 6, 2015, finding that Casey's petition was untimely filed under Alabama Rule of Criminal Procedure 32.2(c). Doc. 8-9 at 6. Casey's application for rehearing was overruled, and his petition for writ of certiorari to the Alabama Supreme Court was denied. A certificate of judgment was issued on June 12, 2015. Doc. 8-10.

C.     **Analysis of Timeliness of Casey's § 2254 Petition**

As noted above, the trial court resentenced Casey to life in prison—with the possibility of parole—on October 16, 2002, and the Alabama Court of Criminal Appeals affirmed the trial court's judgment on return to remand on January 7, 2003. Casey did not further appeal that judgment. Because Casey's new sentence constituted a new judgment under *Magwood v. Patterson*, 561 U.S. 230 (2010), he gained a new limitation period within which to challenge his conviction in state and federal court.

Assuming Casey should have sought rehearing of the Alabama Court of Criminal Appeals' January 7, 2003, decision—something he did not do—his conviction became final for purposes of federal habeas review on January 21, 2003 because that was the time within which he had to apply for rehearing with the Alabama Court of Criminal Appeals. *See* Ala.R.App.P. 40(c). On that date, Casey could no longer obtain direct review of his

4

sentence in the state courts.[1] *See* 28 U.S.C. § 2244(a)(1)(A) (providing that the one-year limitation runs from the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review). Thus, Casey had until January 21, 2004—absent statutory or equitable tolling—to file a § 2254 petition in this court challenging his October 2002 resentencing.

### 1. *Statutory Tolling*

In December 2012, Casey filed a Rule 32 petition—his fourth overall, but his first challenging his October 2002 resentencing. That filing, however, did not toll the federal limitation period under 28 U.S.C. § 2244(d)(2) because the limitation period ran unabated for one year after January 21, 2003 before expiring on January 21, 2004. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review." *Id.; see also, e.g., Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Moreover, for purposes of § 2244(d)(2), the Rule 32 petition filed by Casey in December 2012 was not a "properly filed" application for state post-conviction review, because the state appellate court found the petition was untimely under Rule 32.2(c). *See, e.g., Sykosky v. Crosby*, 187 F. App'x 953, 958 (11th Cir. 2006).

---

[1] Alternatively, if Casey could have appealed from the October 16, 2002 resentencing but failed to do so, an argument might be made that when he failed to file an appeal within 42 days after resentencing, *see* Ala.R.App.P. 4(b)(1), his conviction became final on November 27, 2002. However, because the procedure by which Casey could have—but did not—pursue further review of his resentencing is somewhat uncertain, this court will use the later date, January 21, 2003, as the date on which Casey's judgment of conviction (which included his new sentence) became final for purposes of federal habeas review.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Casey such that AEDPA's limitation period commenced on some date later than January 21, 2003 or expired on some date later than on January 21, 2004. There is no evidence that an unlawful state action impeded Casey from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Casey submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Casey also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

   2.   *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Casey maintains that the untimely filing of his § 2254 petition should be excused because he has limited knowledge of the law and he only recently became aware of the Canon of Judicial Ethics, which purportedly supports his claim that the judge who presided

6

over his October 2002 resentencing should have recused himself. Doc. 18 at 1–3. This is not basis for equitable tolling. A habeas petitioner's lack of legal training or general ignorance or confusion about the law are not extraordinary circumstances warranting equitable tolling. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Moreover, the facts and legal arguments upon which Casey bases his claim that the trial judge should have recused himself from his resentencing have been available to Casey from the time of his resentencing. However, he waited nearly ten years before first asserting his claim in the Rule 32 petition he filed in December 2012. He therefore fails to show he was reasonably diligent in pursuing his rights. Furthermore, he is not relying on newly discovered facts but simply a new legal theory. Equitable tolling is inappropriate under these circumstances. *See, e.g., Supinger v. Ryan*, 2016 WL 2851436, at *1 (D. Ariz. May 16, 2016); *Cox v. Small*, 2010 WL 4289868, at *6 (E.D. Cal. Oct. 22, 2010).

Finally, Casey suggests that his claim is not subject to the federal limitation period because he is challenging the legality of his state sentence and essentially presents a jurisdictional claim that can be heard at any time. Doc. 8 at 3. If this court were an Alabama state court, and if Casey's claim indeed impugned the trial court's jurisdiction, his argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (holding that a challenge to allegedly illegal sentence raised in a state Rule 32 proceeding was not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c) because an illegal sentence exceeds the jurisdiction of the trial court). However, there is no such exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by

7

the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sep. 24, 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.").

For the reasons set forth above, Casey's § 2254 petition is time-barred and the claims therein are not subject to further review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **December 28, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 14th day of December, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE